# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| PREFERRED INVESTMENT SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | C.A. No. N13C-03-039 ALR |
| | ) | |
| v. | ) | |
| | ) | |
| FAST BAIL BONDS, LLC AND MARCUS CHRISTOPHER MCGRIFF, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |
| | ) | |

Submitted: August 14, 2014
Decided: October 27, 2014

### *Upon Defendants' Motion to Dismiss*
**GRANTED**

The parties are two Delaware companies and an individual involved in the bail bond business. Preferred Investment Services, Inc. ("Plaintiff") filed an Amended Complaint on August 4, 2014. On August 14, 2014, pursuant to Superior Court Civil Rule 12(b)(6), Defendants, Marcus Christopher McGriff ("McGriff") and Fast Bail Bond, Inc. ("FBB") filed a Motion to Dismiss the tort claims. Plaintiff opposes the motion.

In consideration of the Motion to Dismiss and the opposition thereto, the Court finds as follows:

1. The First Amended Complaint states the following causes of action: as to tort, Count I – Theft, Count II – Conversion, and Count V – Conspiracy; and, as to contract, Count III – Breach of the Duty of Good Faith and Count IV – Breach of Contract.

2. Defendants seek dismissal of Count I – Theft, Count II – Conversion, and Count V – Conspiracy.

3. Pursuant to well-settled doctrine, "[a] motion to dismiss must be decided solely upon the allegations in the complaint."[1] The Court must accept all "well-pleaded" allegations as true and draw all reasonable inferences in favor of the non-moving party.[2] An allegation, even if vague, is well-pleaded if the allegation puts "the opposing party on notice of the claim being brought against it."[3] However, the Court will not "blindly accept conclusory allegations unsupported by specific facts, nor [will the Court] draw unreasonable inferences in the plaintiffs' favor."[4] Under this standard, the Court will deny a motion to dismiss unless "under no

---

[1] *Am. Bottling Co. v. Crescent/Mach I P'rs., L.P.*, 2009 WL 3290729, at *2 (Del. Super. Sept. 30, 2009).

[2] *Id.*; *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).

[3] *Lagrone v. Am. Moretell Corp.*, 2008 WL 4152677, at *4 (Del. Super. Sept. 4, 2008) (citing *Precision Air, Inc. v. Standard Chlorine of Del., Inc.*, 654 A.2d 403, 406 (Del. 1995)).

[4] *Gantler v. Stephens*, 965 A.2d 695, 704 (Del. 2009).

reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[5]

4. Plaintiff alleges numerous tort claims, which Defendants seek to have dismissed. The general rule in Delaware jurisprudence is that "a plaintiff bringing a claim based entirely upon a breach of the terms of a contract generally must sue in contract."[6] This rule helps prevent the "bootstrapping" of a contract claim into a tort claim by merely stating the elements of a tort and supporting the allegations with the facts of a breach of contract.[7] Although conduct could give rise to a contract and tort claim, the tort claim must "involve violation of a duty which arises by 'operation of law and not by the mere agreement of the parties.'"[8]

5. To determine if a tort claim arises solely from a contract breach this court has previously compared the defendant's alleged conduct to its obligations under the contract. It is not enough to simply allege the defendant violated a duty; the plaintiff must include a substantive allegation.[9] In *Cornell*, a variety of tort and contract claims were brought alongside each other.[10] The court dismissed the tort claims after concluding the alleged tortious conduct, "'were not collateral to the

[5] *Am. Bottling Co.*, 2009 WL 3290729, at *2.
[6] *Data Mgmt. Internationalé, Inc. v. Saraga*, 2007 WL 2142848, at *3 (Del. Super. Jul 25, 2007) (citation omitted).
[7] *Cornell Glasgow, LLC v. La Grange Props., LLC*, 2012 WL 2106945, at *8 (Del. Super. June 6, 2012); *Data Mgmt. Internationalé, Inc.*, 2007 WL 2142848, at *3.
[8] *Cornell Glasgow, LLC*, 2012 WL 2106945, at *3 (citation omitted).
[9] *Kuroda v. SPJS Hldgs., LLC*, 971 A.2d 872, 889 (Del. Ch. 2009).
[10] *Cornell Glasgow, LLC*, 2012 WL 2106945, at *1, *3.

[agreement], but rather memorialized [] some of [the defendant's] principal obligations under [the] agreement with [the plaintiff]."[11]  The court concluded that the plaintiff had not identified an independent duty – statutory or at common law – such that the tort claim could survive a motion to dismiss.

6. Accordingly, Plaintiff cannot recover in tort, as a matter of law, for the allegations set forth in the Complaint.  The relationship between Plaintiff and Defendants is contractual and Plaintiff's tort claims arise from Defendants alleged failed performance under the agreement.  The Court must dismiss the tort claims because Plaintiff cannot recover tort damages for a breach of contract and Plaintiff has not demonstrated that Defendants breached any statutory or common law duty independent of the agreement that would allow Plaintiff to recover in tort.

**NOW, THEREFORE, this 27th day of October 2014, Defendants' Motion to Dismiss is hereby GRANTED, as follows:**

1. **the claim of theft (Count I) is hereby DISMISSED;**

2. **the claim of conversion (Count II) is hereby DISMISSED; and**

3. **the claim of conspiracy (Count V) is hereby DISMISSED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[11] *Id*. at *8 (quoting *Pinkert v. Olivieri, P.A.*, 2001 WL 641737, at *5 (D. Del. May 24, 2001)).